## RABASSA vs. ORLEANS NAVIGATION COMPANY.

APPEAL FROM THE COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A verbal lease which is defective and inoperative in itself, may be confirmed or supplied by oral testimony, or may operate in conjunction with that part which is reduced to writing.

A corporation is civilly responsible for damages occasioned by an act done at its command by its agent, in relation to a matter within the scope of the objects for which it was incorporated.

A corporation is responsible for *every injurious act on its part*, from which the law has not specially exempted it.

Louis Allard, the lessor of the plaintiff, received from the Orleans Navigation Company, for the annual rent of three thousand one hundred dollars, a verbal lease of the turnpike road along the north western margin of the bayou St. John, from the Metarie road to lake Pontchartrain. Allard acquired the right to receive tolls on the road, as he alleged, according to the 13th section of the act of incorporation, by a written contract into which he entered with the Company. During the pendency of a suit by the Company against the plaintiff and Allard for the possession of the road, in which judgment was afterwads rendered in favor of the latter, the agents of the Company obstructed the road and rendered it impassable, causing damage to the plaintiff, amounting to the sum of four thousand dollars. For this the plaintiff brought this action.

The Navigation Company denied its liability for the alleged tresspass, and the plaintiff's right to demand tolls upon the road, averring that it had been kept in so bad condition as to be unsafe and almost impassable.

Judgment was rendered for the plaintiff, and the Company appealed.

The opinion of the court, MATHEWS, J. absent, was delivered by PORTER J.

EASTERN DIS.
May, 1833.

RABASSA
vs,
ORLEANS
NAVIGATION
COMPANX.

The petitioner states, that he is the sublessee of the defendants of a road, on which, by virtue of the 13th section of the act incorporating the Orleans Navigation Company, tolls were receivable, that the Company through their agents have taken possession of the road, and by filling it up with soft marsh soil, have rendered it impassable. The damages sustained by the plaintiff from these acts, are averred to be five thousand dollars.

The answer denies the responsibility of the defendants for the acts alleged in the petition, and puts at issue the facts therein set forth.

The cause was submitted to a jury who found a verdict in favor of the plaintiff for sixteen hundred dollars. The defendants applied for a new trial, but the court rejected the application, and gave judgment in pursuance to the verdict. From this judgment the defendants have appealed.

A bill of exceptions was taken on the trial, to the introduction of parol proof on the part of the plaintiff that he had leased the road. The objection rests on the fact that at the time the lease was adjudicated, the conditions on which the road was let, had been reduced to writing, and announced to the lessee. And that the adjudication itself had been reduced to writing by the auctioneer. No written contract was however entered into, and signed by the parties. The plaintiff went into possession, and has since paid the rent to the lessors.

We do not think the court erred. This is not one of those cases where the law has constituted a written instrument the authentic and sole medium of proving the fact. Leases may either be verbal or written. In contracts of the former kind, instruments defective and inoperative in themselves, may be confirmed, or supported by oral testimony, or operate in conjunction with that part which is reduced to writing. The writings in question were not signed by the plaintiff, nor as far as we can learn ever seen by him. The lease was therefore, by parol. We are perfectly satisfied the plaintiff had the right to offer the evidence objected to. *Starkie on Evidence, p.* 4, 1034.

A verbal lease
which is defective
and inoperative
in itself, may be
confirmed or sup-
plied by oral tes-
timony, or may
operate in con-
junction with that
part which is re-
duced to writing.

Eastern Dis.
*May*, 1833.

RABASSA
*vs.*
ORLEANS
NAVIGATION
COMPANY.

The main question in the cause relates to the responsibility of the defendants, for such an act of their agents as is alleged in the petition.

The textual provisions of the Louisiana Code, are cited to show no such responsibility exists. A corporation (it is so enacted) cannot beat or be beaten in its corporate capacity; it cannot commit the crime of high treason, or any other crime or offence in its corporate capacity, and it can only contract through its agents. *La. Code.* 428, 429, 432, 433. Several references have been made to writers who treat of corporations as supporting the same doctrine, but it is unnecessary to cite them, for the general principle is no where more strongly stated than in the positive law of the state.

But it appears to us the rules just referred to leaves the question now before us entirely open. That question as we understand it is, whether corporations are not civilly responsible for damages occasioned by acts of their agents, in relation to matters coming within the scope of the object for which they were incorporated, when these acts were done by their command.

There can be little doubt the law should make them liable, and we think it does hold them so. The passages cited from our code, relate to crimes and offences, and as that work enumerates the cases where corporations are not responsible, and does not embrace within that enumeration non-responsibility in a civil action for injuries done to property, a very strong reason is offered to us against extending the exemption to a case not enumerated. The objection raised, that they are not responsible, because they can only contract through an agent, aids very little in the decision of the point now under consideration, for though they can only contract through an agent, it by no means follows, that they are not responsible for breaches of contract which they may have entered into, or for injuries which they may inflict on the property of others through their agents. If they rented a house and committed waste during the lease, or made themselves responsible by the non-performance of any obligation which the law imposes on the lessee, it can hardly be questioned they would be bound to make good the loss. If it be objected

A corporation is responsible for every injurious act on its part, from which the law has not specially exempted it.

that in the case last put, the responsibility grew out of a contract, we can hardly see how their liability would be varied, if without a contract, they entered on the property of another and used it for corporate purposes. Though corporate bodies can enjoy no rights, nor exercise any powers, but those conferred by law, we are not, therefore, authorised to conclude, that they are responsible for no acts but those which the law expressly declares they shall be responsible for. On the contrary, we think they are bound to others for every injurious act on their part, from which the law has not specially exempted them. No such exemption is shown here. The law of the Partidas, relied on, is no longer in force, and was not at the time this trespass was committed.

In England, by a statute of 21 *Edward IV.* it is holden, that a corporation cannot be beaten, nor beat, nor commit treason, nor felony, nor be imprisoned for dsseizin with force, nor be outlawed. These enactments are much the same with these cited from our code, yet the books of adjudged cases in that country, and in our sister states, afford repeated examples of corporations being held liable for trespasses committed by their agents under their authority. Chancellor Kent says, they may be sued by a special action on the case for neglect, and breaches of duty, and in actions of trespass and trover for damages, resulting from trespasses and torts committed under their authority by their agents. 2 *Kent's Com.* 284. 3 *Peters* 398.

It is objected that there is no evidence on record, that the Navigation Company authorised the trespass, we think it results from the evidence of the defendants themselves, that they did authorise it.

The right of the lessors to interfere with the road, on the ground that it stood in need of repairs, was a question depending on the fact, whether the road did actually require the repairs or not, and that fact the jury has negatived by their verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, be affirmed with costs.

*Strawbridge*, for appellants.   *Preston*, for appellee.